IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION


CAROLYN KEELER,                    )
                                   )      NO. 4:04-cv-10269-REL-RAW
          Plaintiff,               )
                                   )      RULING ON DEFENDANT'S
    vs.                            )      MOTION FOR LEAVE TO
                                   )      AMEND ANSWER
CLEANING CONNECTION, INC.,         )
                                   )
          Defendant.               )


     The above resisted motion is before the Court following

hearing (#16).  This is an FLSA case.  The proposed amendment is

for the purpose of denying the allegation in the Complaint,

originally admitted, that defendant is an "enterprise engaged in

commerce" with "employees handling or otherwise working in goods

and materials that have been moved in or produced for commerce."

See 29 U.S.C. §§ 203(s)(1), 207(a)(1).  Defense counsel's affidavit

indicates that at the time he prepared the answer he assumed his

client was part of a chain of offices in different branches around

the United States, though counsel did not inquire of his client if

that was the case.  Subsequently, on June 2, 2005 counsel traveled

to his client's offices to review files and in that process came to

realize that defendant is a purely local business located in Polk

County, Iowa.  The present motion followed.  At the same time

defendant filed a motion for summary judgment in part based on a

claimed lack of subject matter jurisdiction because defendant is

not an "enterprise engaged in commerce" as defined in 29 U.S.C. § 203(s)(1).

The Complaint has been on file since May 2004. The deadline in the scheduling order for amending pleadings was November 1, 2004 and discovery closed on July 1, 2005. Trial is set for November 14, 2005. Plaintiff claims that she relied on the admission that the FLSA applied to defendant and conducted no discovery on the subject.

As defendant notes, Fed. R. Civ. P. 15(a) sets a liberal pleading amendment standard. However, when a motion for leave to amend the pleadings comes after a scheduling order deadline for amendments, the "less forgiving" good cause standard of Fed. R. Civ. P. 16(b) may come into play. Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001). A scheduling order is not to be modified except upon a showing of good cause. Fed. R. Civ. P. 16(b); LR 16.1(f). A motion for leave to amend long after the scheduling order deadline passes effectively seeks a modification of the scheduling order. The movant must therefore show good cause to permit the late amendment. See In re Milk Products Antitrust Litigation, 195 F.3d 430, 437 (8th Cir. 1999), cert. denied sub nom Rainy Lake One Stop, Inc. v. Marigold Foods, Inc., 529 U.S. 1038 (2000); see also Barstad v. Murray County, ___ F.3d ___, ___, No. 04-2707 slip op. at 2 (8th Cir., August 26, 2005). The primary measure of good cause is a party's diligence in complying with the

2

scheduling order.  <u>Bradford</u>, 249 F.3d at 809 (citing <u>Johnson v.</u> <u>Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992)). Prejudice to the party opposing amendment is a factor, but comes into play after due diligence is shown.  <u>Bradford</u>, 249 F.3d at 809.

Defendant does not offer any reason why it could not, with due diligence, have timely moved for leave to amend the Complaint.  As the matter involves the nature and scope of defendant's business, it obviously has had sufficient knowledge to deny the allegation in the Complaint about the applicability of the FLSA.

In its motion papers defendant indicates a belief that the affirmative defense, originally pleaded, that the Complaint failed to state a claim upon which relief could be granted was sufficient to preserve what defendant views as a subject matter jurisdiction defense.  Were it the case that the amendment added nothing of consequence because the issue was already in the case the Court would be inclined to allow the amendment to clarify, rather than change, the answer.  But that is not the case for two reasons.  First, in view of the answer admitting FSLA coverage, the failure to state a claim defense did not put plaintiff on notice of defendant's jurisdictional objection.  Second, lack of jurisdiction over the subject matter and failure to state a claim upon which relief can be granted are separate defenses.  Fed. R. Civ. P. 12(b)(1), (6).

At hearing we discussed whether the "enterprise engaged in commerce" predicate for FSLA coverage was truly a matter of subject matter jurisdiction.  If it is then, as defendant says, the pleadings are not conclusive and the issue may be raised at any time.  That question, however, is for the presiding judge.  Good cause required by the rules for a post-deadline amendment to the pleadings has not been shown.

Motion denied (#16).

IT IS SO ORDERED.

Dated this 26th day of August, 2005.


ROSS A. WALTERS
CHIEF UNITED STATES MAGISTRATE JUDGE